## MYERS v. SUNDERLAND.

One of two makers of a several or joint and several note, cannot avoid payment for a want of consideration, by showing that the other maker of the note received the entire consideration from the payee.

Parole contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. This rule is especially directed against the admission of any other evidence than that furnished by the writing itself, to explain away the language employed by the parties in making their contract.

Evidence *aliunde* not admissible, to show that one of the makers of a note signed the same with the understanding that his liability to pay was to be contingent.

*Appeal from Wapello District Court.*

*Opinion by* GREENE, J. This suit was commenced on a due bill worded as follows: "$42 97. Due Benjamin Sunderland, administrator of the estate of John Davis, deceased, forty two dollars and ninety-seven cents, for value received. July 1st, 1850. James Weir, Joseph Myers." Joseph Myers appeared before the justice and filed an answer under oath, averring in substance that the due bill was signed by him as surety for James Weir, who, as principal, received the entire consideration for which the note was given; that he, Myers, as surety was not to pay the due bill only in case of the insolvency of Weir ; that plaintiff knew and understood that his liability was thus limited and contingent; that the plaintiff should be required to prosecute the estate of Weir to insolvency. The answer called upon plaintiff to reply under oath. Plaintiff demurred verbally to the answer. The justice overruled the demurrer, and rendered judgment against the plaintiff, who appealed.

In the district court the same question was presented on the verbal demurrer, and was determined in favor of plaintiff, and judgment was rendered against Myers on the due bill.

The only question to be decided is, do the averments in the answer constitute a bar to the action? The answer admits that the payee gave a full consideration for the note, but claims that the consideration was received by Weir, one of the makers. It matters not which of the makers of a note received the consideration. It must be presumed that the payee was induced to give the consideration on the credit of the names attached to the note. The makers of such a note are severally and equally responsible, without regard to the party who received the consideration. The answer, then, is not good, on the ground that there was a want or failure of consideration, for the very obvious reason that it shows upon its face that there was good consideration paid for the note.

The answer claims that defendant signed the note as a conditional surety, and thus seeks to vary and contradict the note. The note of itself appears to be free from ambiguity or doubt. It is explicit and positive in its terms and free from conditions or contingencies. There is nothing about it that requires extrinsic proof or explanation. It is then of itself paramount evidence of the engagement or undertaking of the makers. The principle is well settled, that when parties have reduced their engagement to writing in such terms as import a legal obligation, expressed with clearness and certainty, it is conclusively presumed that the full extent and manner of the undertaking are expressed in the instrument and oral testimony offered to change, contradict, or alter the engagement, will be rejected ; 2 Stark., Ev., 753 ; 1 Greenl., Ev., § 275. In the concluding words of this section the rule is concisely expressed. "Parole contemporaneous evidence is inadmissable to contradict or vary the terms of a valid written instrument."

This rule is uniformly and with especial force, directed against the admission of any other evidence than that furnished by the writing itself, to explain away the language employed by the parties in making their contract. The

Myers v. Sunderland.

language of the present note clearly expresses the terms of the undertaking entered into by the makers. They unconditionally and severally acknowledge the indebtedness of the stated amount to be due to the payee. Now, one of the parties seeks to contradict and vary the terms of the valid instrument by parole contemporaneous evidence. He seeks to change his absolute promise to pay, to a mere conditional contingent undertaking. In Philip, Ev., 555, it is declared that parole evidence is not admissible, to show that a note purporting to be payable on demand, was intended by the parties to be payable on a contingency. Nor can parole evidence be received inconsistent with the terms of the note; Story on Promissory Notes, §§ 57, 58, 59, and note 2. A long list of authorities might be cited in support of this well established doctrine, all conclusively showing that evidence *aliunde* is not admissible, even to show that one of the makers of an absolute note signed the same, with the understanding that his liability to pay was to be contingent. It follows, then, that defendant's answer did not set up a bar to plaintiff's action, and that the district court did not err in sustaining the demurrer.

Judgment affirmed.

*M. R. Lewis*, for appellant.

*H. B. Hendershott*, for appellee.

*37